**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Angelica Velasquez</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>Costco Wholesale Corporation</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☒ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>2</u>

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☐ yes
     ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☒ no
     ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☒ yes
     ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
     ☐ yes
     ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jason R Brenner Mr.</u>       Fla. Bar # <u>86731</u>
       Attorney or party               (Bar # if attorney)

<u>Jason R Brenner Mr.</u>         <u>11/01/2024</u>
 (type or print name)         Date

IN THE CIRCUIT COURT FOR THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO.:

ANGELICA VELASQUEZ,

                Plaintiff,

vs.

COSTCO WHOLESALE
CORPORATION,

                Defendant.
_____/

### <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, **ANGELICA VELASQUEZ**, hereby sues Defendant, **COSTCO WHOLESALE CORPORATION**, and alleges:

### <u>PARTIES, JURISDICTION, AND VENUE</u>

1.　　This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00) exclusive of interest and costs.

2.　　At all times material and relevant to this Complaint, Plaintiff, **ANGELICA VELASQUEZ,** was/is a resident and/or citizen of Miami-Dade County, Florida, and otherwise *sui juris.*

3.　　At all times material and relevant to this Complaint, Defendant, **COSTCO WHOLESALE CORPORATION**, was/is a Foreign Profit Corporation licensed to conduct business throughout the State of Florida.

4.　　This Court has personal jurisdiction over Defendant, **COSTCO WHOLESALE CORPORATION**, because Defendant, **COSTCO WHOLESALE**

1

**CORPORATION**, has a registered agent in Florida to accept service of process; and it conducts business and engages in substantial activity in Florida and has had significant contact with the State of Florida as a result of its stores located within the State of Florida.

5.      Venue is proper in Miami-Dade County because the subject incident occurred in Miami-Dade County, Florida.

<u>**FACTS COMMON TO ALL COUNTS**</u>

6.      On or about February 19, 2023, Plaintiff, **ANGELICA VELASQUEZ,** visited the business establishment known as the "Costco Miami Lakes Warehouse" on the premises located at  16580 NW 59th Avenue, Miami Lakes, FL 33014 (the "COSTCO STORE").

7.      At all times material and relevant to this Complaint, the purpose for Plaintiff, **ANGELICA VELASQUEZ's,** visit to the COSTCO STORE was to purchase goods sold inside the COSTCO STORE.

8.      At all times material and relevant to this Complaint, Plaintiff, **ANGELICA VELASQUEZ**, was a "Costco Member" and possessed a membership card bearing number 111928430793, which permitted her to access and make purchases within the COSTCO STORE.

9.      At all times material and relevant to this Complaint, Defendant, COSTCO WHOLESALE CORPORATION, owned, operated, and/or managed the COSTSCO STORE.

10.      At all times material and relevant to this Complaint, Defendant, COSTCO WHOLESALE CORPORATION, owned the land and premises located at 16580 NW 59th Avenue, Miami Lakes, FL 33014, upon which the COSTCO STORE was

2

situated.

11.      On or about February 19, 2023, Plaintiff, **ANGELICA VELASQUEZ,** was walking down an aisle within the COSTCO STORE where soap and detergent products were on display for purchase (hereinafter the "DETERGENT AISLE").

12.      Unbeknownst to Plaintiff, **ANGELICA VELASQUEZ**, the floor within the Detergent Aisle contained spilled soap or detergent liquid or some other slippery and transitory foreign SUBSTANCE, which presented a slip hazard to customers traversing through the DETERGENT AISLE (the "SUBSTANCE").

13.      As Plaintiff, **ANGELICA VELASQUEZ,** was traversing through the DETERGENT AISLE, Plaintiff's footwear and/or foot came into contact with the SUBSTANCE, which caused her to slip on the SUBSTANCE and sustain injuries (the "SUBJECT ACCIDENT").

14.      At all times material and relevant to this Complaint, Plaintiff, **ANGELICA VELASQUEZ**, was occupying the status of a business invitee of Defendant, **COSTCO WHOLESALE CORPORATION**.

15.      At all times material and relevant to this Complaint, Defendant, **COSTCO WHOLESALE CORPORATION**, had actual and/or constructive knowledge of the existence of the SUBSTANCE on the floor within the DETERGENT AISLE.

16.      At all times material and relevant to this Complaint, Defendant, **COSTCO WHOLESALE CORPORATION**, negligently failed to keep and maintain its premises in a reasonably safe condition by permitting the SUBSTANCE to exist on its premises for an unreasonable length of time and failed to warn Plaintiff, **ANGELICA VELASQUEZ**, of the SUBSTANCE on its premises.

3

17.     At all times material and relevant to this Complaint, the negligence of Defendant, **COSTCO WHOLESALE CORPORATION**, was the cause of the SUBJECT ACCIDENT.

18.     At all times material and relevant to this Complaint, the negligence of Defendant, **COSTCO WHOLESALE CORPORATION**, was the cause of injury, loss and/or damages to Plaintiff, **ANGELICA VELASQUEZ**.

<u>**COUNT I**</u>
<u>**CLAIM FOR NEGLIGENT FAILURE TO MAINTAIN PREMISES**</u>
<u>**IN A SAFE CONDITION**</u>

Plaintiff, **ANGELICA VELASQUEZ**, realleges paragraphs 1-18 as if fully set forth herein and further alleges:

19.     At the subject time and place, Defendant, **COSTCO WHOLESALE CORPORATION**, via its agents, apparent agents, servants, employees, and/or statutory employees, owed Plaintiff a duty of reasonable care under the circumstances.

20.     At the subject time and place, Defendant **COSTCO WHOLESALE CORPORATION**, via its agents, apparent agents, servants, employees, and/or statutory employees, breached its duty of care in one or more of the following ways, which caused Plaintiff to suffer serious personal injury when she slipped on the SUBSTANCE:

a.     Defendant, **COSTCO WHOLESALE CORPORATION**, failed to maintain the floor within the DETERGENT AISLE in a safe condition free from any transitory foreign substances, including the SUBSTANCE, which presented a slip hazard to patrons, including Plaintiff, **ANGELICA VELASQUEZ;** and/or

b.     Defendant, **COSTCO WHOLESALE CORPORATION**, placed or caused the SUBSTANCE to exist on the floor within the DETERGENT AISLE;

4

and/or

c.      Defendant, **COSTCO WHOLESALE CORPORATION**, allowed the SUBSTANCE to sit and pool on a walking surface that Defendant, **COSTCO WHOLESALE CORPORATION**, knew or should have known is frequently traversed by its patrons, when Defendant, **COSTCO WHOLESALE CORPORATION**, could have easily taken steps to remove the SUBSTANCE; and/or

d.      Defendant **COSTCO WHOLESALE CORPORATION**, failed to dry the walking surface on the floor within the DETERGENT AISLE; and/or

e.      Defendant, **COSTCO WHOLESALE CORPORATION**, failed to adequately inspect the floor within the DETERGENT AISLE for transitory foreign substances, including the SUBSTANCE, to ensure the safety of its patrons, including, but not limited to, Plaintiff, **ANGELICA VELASQUEZ**; and/or

f.      Defendant, **COSTCO WHOLESALE CORPORATION**, failed to properly maintain a section of the floor to ensure the SUBSTANCE was properly removed from the floor within the DETERGENT AISLE; and/or

21.     Defendant, **COSTCO WHOLESALE CORPORATION**, via its agents, apparent agents, servants, employees, and/or statutory employees, was on actual prior notice of the presence of the SUBSTANCE on the floor within the DETERGENT AISLE because of the following:

a.      Defendant, **COSTCO WHOLESALE CORPORATION**, via its agents, apparent agents, servants, employees, and/or statutory employees, placed the SUBSTANCE on the floor within the DETERGENT AISLE; and/or

5

b.      Defendant, **COSTCO WHOLESALE CORPORATION**, via its agents, apparent agents, servants, employees, and/or statutory employees, observed the SUBSTANCE on the floor within the DETERGENT AISLE; and/or

c.      Defendant, **COSTCO WHOLESALE CORPORATION**, via its agents, apparent agents, servants, employees, and/or statutory employees, was informed by another person(s) that the SUBSTANCE was on the floor within the DETERGENT AISLE.

22.     Additionally, and/or alternatively, Defendant, **COSTCO WHOLESALE CORPORATION**, via its agents, apparent agents, servants, employees, and/or statutory employees, was on constructive prior notice of the presence of the SUBSTANCE on the floor within the DETERGENT AISLE because of the following:

a.      the SUBSTANCE was dark and dirty and the only reasonable inference that could be drawn was that the SUBSTANCE was dark and dirty because it was in existence for such a length of time that other patrons and/or the agents, apparent agents, servants, employees, and/or statutory employees of Defendant, **COSTCO WHOLESALE CORPORATION**, repeatedly traversed over the SUBSTANCE while traversing within the DETERGENT AISLE over an extended period of time. As such, the dangerous condition (the SUBSTANCE) existed for such a length of time that, in the exercise of ordinary care, Defendant, **COSTCO WHOLESALE CORPORATION**, should have known of the dangerous condition (the SUBSTANCE).

b.      the SUBSTANCE and/or the surrounding area of the floor contained foot tracking marks and the only reasonable inference that could be drawn was

6

that the SUBSTANCE and/or the surrounding area contained foot tracking marks because the SUBSTANCE was in existence for such a length of time that other patrons and/or the agents, apparent agents, servants, employees, and/or statutory employees of Defendant, **COSTCO WHOLESALE CORPORATION**, repeatedly stepped into and traversed over the SUBSTANCE while traversing within the DETERGENT AISLE over an extended period of time such that their foot tracking marks were left in the surrounding area of the SUBSTANCE. As such, the dangerous condition (the SUBSTANCE) existed for such a length of time that, in the exercise of ordinary care, Defendant, **COSTCO WHOLESALE CORPORATION**, should have known of the dangerous condition (the SUBSTANCE).

c.      the SUBSTANCE and/or the surrounding area of the floor contained shopping cart tire marks and the only reasonable inference that could be drawn was that the SUBSTANCE and the surrounding area contained shopping cart tire marks because the SUBSTANCE was in existence for such a length of time that the shopping carts that other passengers were using while traversing within the DETERGENT AISLE repeatedly ran over the SUBSTANCE within the DETERGENT AISLE over an extended period of time such that shopping cart tire marks were left in the surrounding area of the SUBSTANCE. As such, the dangerous condition (the SUBSTANCE) existed for such a length of time that, in the exercise of ordinary care, Defendant, **COSTCO WHOLESALE CORPORATION**, should have known of the dangerous condition (the SUBSTANCE.

23.     As a direct and proximate result of Defendant, **COSTCO WHOLESALE CORPORATION'S**, breach of duty, the Plaintiff**, ANGELICA VELASQUEZ,** suffered serious injuries that resulted in pain and suffering, disability, disfigurement, mental anguish, aggravation of a pre-existing disease or condition, and the loss of the capacity for the enjoyment of life; incurred medical expenses in the treatment of her injuries, loss of earnings, loss of earning capacity, and has incurred other costs and expenses in maintaining this cause of action.  The losses are either permanent or continuing and Plaintiff, **ANGELICA VELASQUEZ,** will suffer the losses in the future.

WHEREFORE, the Plaintiff**, ANGELICA VELASQUEZ,** demands trial by jury and judgment against Defendant, **COSTCO WHOLESALE CORPORATION**, for damages in excess of Fifty Thousand Dollars ($50,000.00) together with costs and all other such further relief as this Court deems just and proper.

<u>**COUNT II**</u>
<u>**CLAIM FOR NEGLIGENT FAILURE TO WARN**</u>

Plaintiff, **ANGELICA VELASQUEZ,** realleges paragraphs 1-18 as if fully set forth herein and further alleges:

24.     Defendant, **COSTCO WHOLESALE CORPORATION**, via its agents, apparent agents, servants, employees, and/or statutory employees, was on actual prior notice of the presence of the SUBSTANCE on the floor within the DETERGENT AISLE because of the following:

a.     Defendant, **COSTCO WHOLESALE CORPORATION**, via its agents, apparent agents, servants, employees, and/or statutory employees, placed the SUBSTANCE on the floor within the DETERGENT AISLE; and/or

b.     Defendant, **COSTCO WHOLESALE CORPORATION**, via its

8

agents, apparent agents, servants, employees, and/or statutory employees, observed the SUBSTANCE on the floor within the DETERGENT AISLE; and/or

c.      Defendant, **COSTCO WHOLESALE CORPORATION**, via its agents, apparent agents, servants, employees, and/or statutory employees, was informed by another person(s) that the SUBSTANCE was on the floor within the DETERGENT AISLE.

25.      Additionally, and/or alternatively, Defendant, **COSTCO WHOLESALE CORPORATION**, via its agents, apparent agents, servants, employees, and/or statutory employees, was on constructive prior notice of the presence of the SUBSTANCE on the floor within the DETERGENT AISLE because of the following:

a.      the SUBSTANCE was dark and dirty and the only reasonable inference that could be drawn was that the SUBSTANCE was dark and dirty because it was in existence for such a length of time that other patrons and/or the agents, apparent agents, servants, employees, and/or statutory employees of Defendant, **COSTCO WHOLESALE CORPORATION**, repeatedly traversed over the SUBSTANCE while traversing within the DETERGENT AISLE over an extended period of time. As such, the dangerous condition (the SUBSTANCE) existed for such a length of time that, in the exercise of ordinary care, Defendant, **COSTCO WHOLESALE CORPORATION**, should have known of the dangerous condition (the SUBSTANCE).

b.      the SUBSTANCE and/or the surrounding area of the floor contained foot tracking marks and the only reasonable inference that could be drawn was that the SUBSTANCE and/or the surrounding area contained foot tracking marks

9

because the SUBSTANCE was in existence for such a length of time that other patrons and/or the agents, apparent agents, servants, employees, and/or statutory employees of Defendant, **COSTCO WHOLESALE CORPORATION**, repeatedly stepped into and traversed over the SUBSTANCE while traversing within the DETERGENT AISLE over an extended period of time such that their foot tracking marks were left in the surrounding area of the SUBSTANCE. As such, the dangerous condition (the SUBSTANCE) existed for such a length of time that, in the exercise of ordinary care, Defendant, **COSTCO WHOLESALE CORPORATION**, should have known of the dangerous condition (the SUBSTANCE).

c.     the SUBSTANCE and/or the surrounding area of the floor contained shopping cart tire marks and the only reasonable inference that could be drawn was that the SUBSTANCE and the surrounding area contained shopping cart tire marks because the SUBSTANCE was in existence for such a length of time that the shopping carts that other passengers were using while traversing within the DETERGENT AISLE repeatedly ran over the SUBSTANCE within the DETERGENT AISLE over an extended period of time such that shopping cart tire marks were left in the surrounding area of the SUBSTANCE. As such, the dangerous condition (the SUBSTANCE) existed for such a length of time that, in the exercise of ordinary care, Defendant, **COSTCO WHOLESALE CORPORATION**, should have known of the dangerous condition (the SUBSTANCE.

26.     The SUBSTANCE on the floor within the DETERGENT AISLE was latent

and not readily apparent to patrons, including, but not limited to, Plaintiff, **ANGELICA VELASQUEZ,** because of its dark coloration that appeared the same as the other dark stains in the surrounding area of the floor within the DETERGENT AISLE.

27.      As a result of the actual and/or constructive knowledge that Defendant, **COSTCO WHOLESALE CORPORATION**, had of the hazards described in paragraphs 24-26, Defendant, **COSTCO WHOLESALE CORPORATION**, had a duty to warn invitees like Plaintiff that the SUBSTANCE was on the floor within the DETERGENT AISLE.

28.      Defendant, **COSTCO WHOLESALE CORPORATION**, via its agents, apparent agents, servants, employees, and/or statutory employees, breached its duty to warn Plaintiff in one or more of the following ways:

a.      Defendant, **COSTCO WHOLESALE CORPORATION**, failed to close, restrict, or prevent access to the DETERGENT AISLE until such time that the SUBSTANCE was remediated or removed; and/or

b.      Defendant, **COSTCO WHOLESALE CORPORATION**, failed to erect warning devices on or around the SUBSTANCE to warn patrons, including the Plaintiff, **ANGELICA VELASQUEZ** ,of the wet, slippery, and dangerous conditions that existed on the floor within the DETERGENT AISLE due to the SUBSTANCE; and/or

c.      Defendant, **COSTCO WHOLESALE CORPORATION**, failed to place conspicuous signage within or around the DETERGENT AISLE advising invitees like Plaintiff, **ANGELICA VELASQUEZ**, that the floor within the DETERGENT AISLE was wet, slippery, and dangerous due to the SUBSTANCE.

29.      As a direct and proximate result of Defendant, **COSTCO WHOLESALE**

11

**CORPORATION'S,** breach of duty, the Plaintiff, **ANGELICA VELASQUEZ,** suffered serious injuries that resulted in pain and suffering, disability, disfigurement, mental anguish, aggravation of a pre-existing disease or condition, and the loss of the capacity for the enjoyment of life; incurred medical expenses in the treatment of her injuries, loss of earnings, loss of earning capacity, and has incurred other costs and expenses in maintaining this cause of action.  The losses are either permanent or continuing and Plaintiff, **ANGELICA VELASQUEZ,** will suffer the losses in the future.

WHEREFORE, the Plaintiff, **ANGELICA VELASQUEZ,** demands trial by jury and judgment against Defendant, **COSTCO WHOLESALE CORPORATION**, for damages in excess of Fifty Thousand Dollars ($50,000.00) together with costs and all other such further relief as this Court deems just and proper

### DEMAND FOR JURY TRIAL

Plaintiff, **ANGELICA VELASQUEZ,** demands Trial by Jury of all issues so triable as outlined in this Complaint.

Dated: November 1, 2024

**STEINLAW, P.A.**
Attorneys for Plaintiff
20807 Biscayne Blvd., Suite 200
Aventura, Florida 33180
Tel: (786) 230-3819
Fax: (305) 627-3302

By: /s/ Jason Brenner
JASON R. BRENNER, ESQ.
Florida Bar No.: 886731
E: jbrenner@steinlaw.com
ROLANDO G. PUMARIEGA, ESQ.
Florida Bar No.: 1014587
E: rpumariega@steinlaw.com
E: kreyes@steinlaw.com

**THE PENA LAW FIRM PA**
Attorneys for Plaintiff
7950 NW 155TH Street, Suite 201
Miami Lakes, FL 33016-5819
Tel: (305) 231-7090
Fax: (305) 231-7090

By: /s/ Nelson Pena
NELSON T. PENA, ESQ.
Florida Bar No.: 875678
E: nelson@thepenalawfirm.com

IN THE CIRCUIT COURT FOR THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2024-021049-CA-01

ANGELICA VELASQUEZ,

      Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

      Defendant.

_____/

THE STATE OF FLORIDA:

TO: Each Sheriff of Said State

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition along with Notice of Taking Deposition, Request for Admissions, Request for Production and First Set of Interrogatories in this action on Defendant:

      SERVE:      COSTCO WHOLESALE CORPORATION
                      CT Corporation System, Registered Agent
                      1200 South Pine Island Road, Plantation, Florida 33324

      Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney:
                STEINLAW, P.A.
                20807 Biscayne Boulevard, Suite 200
                Aventura, Florida 33180
                Tel No.: (786) 230-3819

Within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

      **DATED** on this _____day of NOVEMBER 2024.

                                      **As Clerk of said Court**

                          By: _____
                                (Court Seal)

IN THE CIRCUIT COURT FOR THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO.: 2024-021049-CA-01

ANGELICA VELASQUEZ,

               Plaintiff,

vs.

COSTCO WHOLESALE
CORPORATION,

               Defendant.

_____/

### PLAINTIFF'S NOTICE OF TAKING VIDEOTAPED DEPOSITION OF DEFENDANT, COSTCO WHOLESALE CORPORATION

**PLEASE TAKE NOTICE** that the undersigned will take the videotaped deposition, by oral examination, for the purposes of discovery and for use as evidence in said cause, or both, of the following:

**NAME:** **Corporate Representative for Defendant, COSTCO WHOLESALE CORPORATION**
**\*See Schedule A for Areas of Inquiry**

**DATE:** **January 30, 2025**

**TIME:** **9:00 AM (EST)**

**PLACE:** **Via Zoom (Link to be provided)**

Said deposition will be taken before US Legal Support (court reporter), a Notary Public, or any other Notary Public or Officer duly authorized by law to administer oaths by the laws of the State of Florida, and a person who is neither a relative, nor employee, nor attorney, norcounsel of any of the parties, and who is neither a relative nor employee of such attorney or counsel, and who is not financially interested in the action.

Said deposition will be taken pursuant to the Florida Rules of Civil Procedure in such cases provided. The said oral examination will continue from hour to hour and from day to day until completed.

If the deponent requires an interpreter, please contact the office of the undersigned.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was filed on this **26th** day of November, 2024, via the Florida E-Filing Portal System and will be served with the Complaint and Summons in this matter.

**STEINLAW, P.A.**
Attorneys for Plaintiff
20807 Biscayne Blvd., Suite 200
Aventura, Florida 33180
Tel: (786) 230-3819
Fax: (305) 627-3302

By: /s/ Jason Brenner
JASON R. BRENNER, ESQ.
Florida Bar No.: 886731
E: jbrenner@steinlaw.com
ROLANDO G. PUMARIEGA, ESQ.
Florida Bar No.: 1014587
E: rpumariega@steinlaw.com
E: kreyes@steinlaw.com

**THE PENA LAW FIRM PA**
Attorneys for Plaintiff
7950 NW 155TH Street, Suite 201
Miami Lakes, FL 33016-5819
Tel: (305) 231-7090
Fax: (305) 231-7090

By: /s/ Nelson Pena
NELSON T. PENA, ESQ.
Florida Bar No.: 875678
E: nelson@thepenalawfirm.com

**SCHEDULE A**

1.      Ownership of the subject premises located at 16580 NW 59th Avenue, Miami Lakes, FL 33014 on February 19, 2023.

2.      Operation of the "Costco Miami Lakes Warehouse" store described in Plaintiff's Complaint on the subject premises located at 16580 NW 59th Avenue, Miami Lakes, FL 33014 on February 19, 2023.

3.      The subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

4.      The investigation conducted into the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

5.      CCTV/video recordings depicting Plaintiff, Angelica Velasquez, and/or he subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

6.      Slip and fall accidents involving customers and transitory foreign substances on the floor of the subject premises during the time period of February 19, 2020, to February 19, 2023.

7.      Slip and fall accidents involving customers and transitory foreign substances on the floor of the subject premises during the time period of February 19, 2023, to February 19, 2024.

8.      Responsibilities for conducting inspections and maintaining the floors on the subject premises described in the Complaint in a safe condition on February 19, 2023.

9.      The transitory foreign substance that Plaintiff, Angelica Velasquez, alleges she encountered on the floor within the subject "Detergent Aisle" described in the Complaint on February 19, 2023.

10.     Polices, practices, procedures, guidelines, and standards of Defendant, COSTCO WHOLESALE CORPORATION, regarding slip-and fall prevention, inspections, and floor care, which were in full force and effect for the subject premises described in the Complaint on February 19, 2023.

11.     Inspection logs/reports regarding the floor inspections conducted on the subject premises on February 19, 2023.

IN THE CIRCUIT COURT FOR THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO.: 2024-021049-CA-01

ANGELICA VELASQUEZ,

                Plaintiff,

vs.

COSTCO WHOLESALE
CORPORATION,

                Defendant.

_____/

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT, COSTCO WHOLESALE CORPORATION

      Plaintiff, ANGELICA VELASQUEZ, by and through undersigned counsel, and pursuant to Fla. R. Civ. P. 1.370, hereby files Plaintiff's Request for Admissions to Defendant, COSTCO WHOLESALE CORPORATION, and requests that Defendant, COSTCO WHOLESALE CORPORATION, Admit or Deny the truth of the matters set forth herein within 45 (forty-five) days of the date of service.  In the event no written admissions or denials are received within 45 (forty- five) days from the date of service, the matters set forth will be brought before the Court to enter an order that said matters are deemed admitted.

### INSTRUCTIONS

      Any objection must specify the reason why the Request for Admission is objected to by Defendant. Answers shall specifically deny the Requests for Admission or set forth in detail the reason why a truthful admission or denial is not possible. A denial shall fairly meet the substance of the Request for Admissions.

When in good faith only part of the matter can be answered or denied, the answer shall specify as much of the matter as is true and shall qualify or deny the remainder. In the event the requested admission is denied and Plaintiff thereafter has to prove its truth,  Defendant may  be ordered to pay Plaintiff  the reasonable expenses incurred  in proving its truth, including attorneys' fees.

**DEFINITIONS**

"Subject Costco Store" shall mean and refer to the business establishment known as the "Costco Miami Lakes Warehouse" on the premises located at 16580 NW 59th Avenue, Miami Lakes, FL 33014, which was in existence on February 19, 2023, and which is described in Plaintiff's Complaint.

**MATTERS TO BE ADMITTED OR DENIED**

Defendant, COSTCO WHOLESALE CORPORATION, is hereby requested to admit or deny the following:

1.      On February 19, 2023, Defendant, COSTCO WHOLESALE CORPORATION, owned the premises located at 16580 NW 59th Avenue, Miami Lakes, FL 33014.

2.      On February 19, 2023, Defendant, COSTCO WHOLESALE CORPORATION, operated a business on the premises located at 16580 NW 59th Avenue, Miami Lakes, FL 33014.

3.      On February 19, 2023, Defendant, COSTCO WHOLESALE CORPORATION, was the operator of the "Subject Costco Store."

4.      On February 19, 2023, Plaintiff, ANGELICA VELASQUEZ, was a "Costco Member" and possessed a membership card bearing number 111928430793, which permitted her to access and make purchases within the "Subject Costco Store."

5.      On February 19, 2023, Plaintiff, ANEGLICA VELASQUEZ, was physically on the premises of the "Subject Costco Store."

6.      On February 19, 2023, Plaintiff, ANGELICA VELASQUEZ, was involved in a slip-and-fall accident that occurred on the premises of the "Subject Costco Store."

7.    On February 19, 2023, Plaintiff, ANGELICA VELASQUEZ, was occupying the status of a business invitee of Defendant, COSTCO WHOLESALE CORPORATION, at the time of her slip-and-fall accident that occurred on the premises of the "Subject Costco Store."

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was filed on this **26th** day of November, 2024, via the Florida E-Filing Portal System and will be served with the Complaint and Summons in this matter.

**STEINLAW, P.A.**
Attorneys for Plaintiff
20807 Biscayne Blvd., Suite 200
Aventura, Florida 33180
Tel: (786) 230-3819
Fax: (305) 627-3302

By: /s/ Jason Brenner
JASON R. BRENNER, ESQ.
Florida Bar No.: 886731
E: jbrenner@steinlaw.com
ROLANDO G. PUMARIEGA, ESQ.
Florida Bar No.: 1014587
E: rpumariega@steinlaw.com
E: kreyes@steinlaw.com

**THE PENA LAW FIRM PA**
Attorneys for Plaintiff
7950 NW 155TH Street, Suite 201
Miami Lakes, FL 33016-5819
Tel: (305) 231-7090
Fax: (305) 231-7090

By: /s/ Nelson Pena
NELSON T. PENA, ESQ.
Florida Bar No.: 875678
E: nelson@thepenalawfirm.com

3

IN THE CIRCUIT COURT FOR THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2024-021049-CA-01

ANGELICA VELASQUEZ,

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

    Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, COSTCO WHOLESALE CORPORATION

Plaintiff, ANGELICA VELASQUEZ, by and through undersigned counsel, and pursuant to Fla. R. Civ. P. 1.350, hereby files Plaintiff's Request for Production to Defendant, COSTCO WHOLESALE CORPORATION, and requests that Defendant produce the documents and things requested herein for inspection and/or copying at the office of the undersigned attorney within 45 (forty-five) days of the date of service.

## ITEMS TO BE PRODUCED

1. A complete copy of any and all policies of insurance with accompanying declaration sheets that cover or may cover Defendant, COSTCO WHOLESALE CORPORATION, for the allegations contained in Plaintiff's Complaint, including any and all general liability insurance policies as well as any and all primary, excess, and umbrella insurance policies, which were in full force and effect on February 19, 2023.

2. Each and every video recording generated by each and every video recording device, Closed-Circuit Television (CCTV) camera, and/or surveillance camera installed on the subject premises described in the Complaint on February 19, 2023, which completely and/or partially depicts the floor within the subject "Detergent Aisle" described in the Complaint described in the Complaint on February 19, 2023, during the three (3) hour

time period *before* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

3.      Each and every <u>video recording</u> generated by each and every video recording device, Closed-Circuit Television (CCTV) camera, and/or surveillance camera installed on the subject premises described in the Complaint on February 19, 2023, which completely and/or partially depicts the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

4.      Each and every <u>video recording</u> generated by each and every video recording device, Closed-Circuit Television (CCTV) camera, and/or surveillance camera installed on the subject premises described in the Complaint on February 19, 2023, which completely and/or partially depicts the floor within the subject "Detergent Aisle" described in the Complaint described in the Complaint on February 19, 2023, during the one (1) hour time period *before* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

5.      Each and every <u>video recording</u> generated by each and every video recording device, Closed-Circuit Television (CCTV) camera, and/or surveillance camera installed on the subject premises described in the Complaint on February 19, 2023, which completely and/or partially depicts the floor within the subject "Detergent Aisle" described in the Complaint described in the Complaint on February 19, 2023, during the thirty (30) minute time period *after* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

6.      Any and all diagrams, images, and/or documents that describe or identify the locations on the subject premises described in the Complaint where each and every video recording device, Closed-Circuit Television (CCTV) camera, and/or surveillance camera was installed on the subject premises described in the Complaint on February 19, 2023, which completely or partially captured the floor within the subject "Detergent Aisle" described in the Complaint on February 19, 2023.

7.      All photographs that depict the subject floor within the subject "Detergent Aisle" described in the Complaint on February 19, 2023, as it appeared during the three (3) hour time period *before* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

8.      All photographs that depict the subject floor within the subject "Detergent Aisle" described in the Complaint on February 19, 2023, as it appeared during the thirty (30) minute time period *after* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

9.      All video recordings and photographs that depict the transitory foreign substance that Plaintiff, Angelica Velasquez, alleges in the Complaint was present and in existence on the subject floor within the subject "Detergent Aisle" described in the Complaint at the time of the subject slip-and-fall accident on February 19, 2023.

10.     All video recordings and photographs that depict Plaintiff, Angelica Velasquez, as she appeared on February 19, 2023, *after* the occurrence of the subject slip-and-fall accident on February 19, 2023.

11.     All video recordings and photographs that depict the physical injuries of Plaintiff, Angelica Velasquez, as they appeared on February 19, 2023, *after* the occurrence of the subject slip-and-fall accident on February 19, 2023.

12.     All written statements made by Plaintiff, Angelica Velasquez, regarding the subject slip-and-fall accident on February 19, 2023.

13.     All written statements made by Plaintiff, Angelica Velasquez, regarding the injuries she sustained as a result of the subject slip-and-fall accident on February 19, 2023.

14.     All audio recorded statements made by Plaintiff, Angelica Velasquez, regarding the subject slip-and-fall accident on February 19, 2023.

15.     All audio recorded statements made by Plaintiff, Angelica Velasquez, regarding the injuries she sustained as a result of the subject slip-and-fall accident on February 19, 2023.

16.     Any and all logs, documents, reports, and electronically stored information that describe and/or identify the activities and/or observations and/or physical locations of each and every employee or agent of Defendant, COSTCO WHOLESALE CORPORATION, who was responsible for inspecting and/or cleaning the subject floor within the subject "Detergent Aisle" described in the Complaint on February 19, 2023, *before* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

17.     Any and all logs, documents, reports, and electronically stored information that describe and/or identify the times that the subject floor within the subject "Detergent Aisle" described in the Complaint were inspected and/or cleaned on February 19, 2023, *before* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

18.     Any and all logs, documents, reports, and electronically stored information that describe and/or identify the activities and/or observations and/or physical locations of each and every employee or agent of Defendant, COSTCO WHOLESALE CORPORATION, who was responsible for inspecting and/or cleaning the subject floor within the subject "Detergent Aisle" described in the Complaint on February 19, 2023, *after* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

19.     Any and all logs, documents, reports, and electronically stored information that describe and/or identify the times that the subject floor within the subject "Detergent

3

Aisle" described in the Complaint were inspected and/or cleaned on February 19, 2023, *after* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

20.     Any and all documents that outline and/or describe the duties and/or responsibilities and/or assignments of each and every employee or agent of Defendant, COSTCO WHOLESALE CORPORATION, who was responsible for inspecting and/or cleaning the subject floor within the subject "Detergent Aisle" described in the Complaint on February 19, 2023, which were in full force and effect on February 19, 2023, including, but not limited to, training manuals and handbooks.

21.     Any and all documents that outline the policies, practices, procedures, and guidelines of COSTCO WHOLESALE CORPORATION regarding the investigation of accidents involving customers and transitory foreign substances that occur on the subject premises described in the Complaint, which were in full force and effect on February 19, 2023, including, but not limited to, training manuals and handbooks.

22.     Any and all documents that outline the policies, practices, procedures, and guidelines of COSTCO WHOLESALE CORPORATION regarding the preservation of evidence relating to accidents involving customers and transitory foreign substances that occur on the subject premises described in the Complaint, which were in full force and effect on February 19, 2023.

23.     Any and all logs, documents, reports, and electronically stored information that describe and/or identify all slip-and-fall accidents involving customers and transitory foreign substances that occurred on the floor within the subject "Detergent Aisle" described in the Complaint during the time period of February 19, 2020, to February 19, 2023.

24.     Any and all diagrams, sketches, drawings, and floor plans of the subject premises described in the Complaint, which identifies the location of the subject floor within the subject "Detergent Aisle" described in the Complaint on February 19, 2023.

25.     All medical records/reports pertaining to Plaintiff, Angelica Velasquez, which is in the possession, custody, or control of COSTCO WHOLESALE CORPORATION and/or its agents.

26.     All video recordings and photographs taken of Plaintiff, Angelica Velasquez, during the course of a surveillance investigation of Plaintiff, Angelica Velasquez, during the time period of February 19, 2023, to the present date, which is in the possession, custody, or control of COSTCO WHOLESALE CORPORATION and/or its agents.

4

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was filed on this <u>**26**</u><u>th</u> day of November, 2024, via the Florida E-Filing Portal System and will be served with the Complaint and Summons in this matter.

> **STEINLAW, P.A.**
> Attorneys for Plaintiff
> 20807 Biscayne Blvd., Suite 200
> Aventura, Florida 33180
> Tel: (786) 230-3819
> Fax: (305) 627-3302
>
> By: /s/ Jason Brenner
> JASON R. BRENNER, ESQ.
> Florida Bar No.: 886731
> E: jbrenner@steinlaw.com
> ROLANDO G. PUMARIEGA, ESQ.
> Florida Bar No.: 1014587
> E: rpumariega@steinlaw.com
> E: kreyes@steinlaw.com
>
> **THE PENA LAW FIRM PA**
> Attorneys for Plaintiff
> 7950 NW 155TH Street, Suite 201
> Miami Lakes, FL 33016-5819
> Tel: (305) 231-7090
> Fax: (305) 231-7090
>
> By: /s/ Nelson Pena
> NELSON T. PENA, ESQ.
> Florida Bar No.: 875678
> E: nelson@thepenalawfirm.com

IN THE CIRCUIT COURT FOR THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO.: 2024-021049-CA-01

ANGELICA VELASQUEZ,

               Plaintiff,

vs.

COSTCO WHOLESALE
CORPORATION,

               Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF PLAINTIFF'S INTERROGATORIES TO DEFENDANT, COSTCO WHOLESALE CORPORATION

Plaintiff, ANGELICA VELASQUEZ, by and through undersigned counsel, and pursuant to Fla. R. Civ. P. 1.340, hereby gives Notice of Service of Plaintiff's Interrogatories to Defendant, COSTCO WHOLESALE CORPORATION, and requests that Defendant, COSTCO WHOLESALE CORPORATION, answer the interrogatories attached hereto, and made a part hereof, under oath within 45 (forty-five) days of the date of service.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was filed on this <u>**26th**</u> day of November, 2024, via the Florida E-Filing Portal System and will be served with the Complaint and Summons in this matter.

**STEINLAW, P.A.**
Attorneys for Plaintiff
20807 Biscayne Blvd., Suite 200
Aventura, Florida 33180
Tel: (786) 230-3819
Fax: (305) 627-3302

By: <u>/s/ Jason Brenner</u>
JASON R. BRENNER, ESQ.
Florida Bar No.: 886731
E: jbrenner@steinlaw.com
ROLANDO G. PUMARIEGA, ESQ.
Florida Bar No.: 1014587
E: rpumariega@steinlaw.com
E: kreyes@steinlaw.com

**THE PENA LAW FIRM PA**
Attorneys for Plaintiff
7950 NW 155TH Street, Suite 201
Miami Lakes, FL 33016-5819
Tel: (305) 231-7090
Fax: (305) 231-7090

By: <u>/s/ Nelson Pena</u>
NELSON T. PENA, ESQ.
Florida Bar No.: 875678
E: nelson@thepenalawfirm.com

## PLAINTIFF'S INTERROGATORIES
## TO DEFENDANT, COSTCO WHOLESALE CORPORATION

**PLEASE INSERT YOUR ANSWER IN THE SPACE PROVIDED FOLLOWING EACH QUESTION. IF ADDITIONAL SPACE IS NEEDED, SO INDICATE IN THE SPACE PROVIDED.**

**If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.**

1.      What is the name, date of birth, social security number, and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**ANSWER:**

2.      Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

**ANSWER:**

3.      Identify each and every policy of insurance that may cover you and/or the subject premises located at 16580 NW 59th Avenue, Miami Lakes, FL 33014 described in Plaintiff's Complaint for the allegations set forth in the Plaintiff's Complaint, including any and all commercial general liability insurance policies as well as any and all primary, excess and umbrella insurance policies, which were in full force and effect on February 19, 2023.

**ANSWER:**

4.      Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

**ANSWER:**

5.      Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

**ANSWER:**

6.      State the facts upon which you rely for each affirmative defense in your answer.

**ANSWER:**

7.      Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

**ANSWER:**

8.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**

9. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER:**

10. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, audio recording, visual recording, audiovisual recording, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

11. Please state the names, addresses, and dates of birth of the following persons:

a. All employees and agents of Defendant, COSTCO WHOLESALE CORPORATION, who were responsible for inspecting and/or cleaning the floor within the subject "Detergent Aisle" described in the Complaint on February 19, 2023, during the three (3) hour time period *before* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

**ANSWER:**

b. All employees and agents of Defendant, COSTCO WHOLESALE CORPORATION, who inspected and/or cleaned the floor within the subject "Detergent Aisle" described in the Complaint on February 19, 2023, during the three (3) hour time period *before* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

**ANSWER:**

c. All employees and agents of Defendant, COSTCO WHOLESALE CORPORATION, who inspected and/or cleaned the floor within the subject "Detergent Aisle" described in the Complaint on February 19, 2023, during the thirty

(30) minute time period *after* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

**ANSWER:**

      d.    All employees and agents of Defendant, COSTCO WHOLESALE CORPORATION, who may have knowledge regarding the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023;

**ANSWER:**

      e.    All employees and agents of Defendant, COSTCO WHOLESALE CORPORATION, who were physically located in close physical proximity to the subject "Detergent Aisle" described in the Complaint on February 19, 2023, at the time of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

**ANSWER:**

      12.    Do you contend that a transitory foreign substance was not present and/or in existence on the floor within the subject "Detergent Aisle" described in the Complaint *at the time of* the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023? If your answer is yes, please describe all actions taken by you to investigate the cause of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023, which led you to the conclusion that there was not a transitory foreign substance on the floor within the subject "Detergent Aisle" described in the Complaint *at the time of* the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023.

**ANSWER:**

      13.    Did any employees or agents of Defendant, COSTCO WHOLESALE CORPORATION, observe a transitory foreign substance present and/or in existence on the floor within the subject "Detergent Aisle" described in the Complaint at any time during the three (3) hour time period *before* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023? If your answer is yes, please describe the observations of said employees and agents, including, but not limited to, the location of said substance, the size of said substance, the color of said substance, the scent of said substance, and the texture of said substance.

**ANSWER:**

14.     Did any employees or agents of Defendant, COSTCO WHOLESALE CORPORATION, observe a transitory foreign substance present and/or in existence on the floor within the subject "Detergent Aisle" described in the Complaint within the thirty (30) minute time period *after* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023? If your answer is yes, please describe the observations of said employees and agents, including, but not limited to, the location of said substance, the size of said substance, the color of said substance, the scent of said substance, and the texture of said substance.

**ANSWER:**

15.     Please state in military time when the floor within the subject "Detergent Aisle" described in the Complaint were inspected and/or cleaned on February 19, 2023, during the three (3) hour time period *before* the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023

**ANSWER:**

16.     Was any warning and/or other safety precaution given to Plaintiff, Angelica Velasquez, regarding any dangerous condition on the floor within the subject "Detergent Aisle" described in the Complaint at any time before the occurrence of the subject slip-and-fall accident involving Plaintiff, Angelica Velasquez, on February 19, 2023? If so, please describe in detail the warning and/or other safety precaution that was given to Plaintiff, Angelica Velasquez, including, but not limited to, the type of warning device, the method said warning was provided, the location of said warning, and a description of the warning statement.

**ANSWER:**

STATE OF FLORIDA

COUNTY OF _____

      BEFORE ME, the undersigned authority, personally

appeared_____, who after being duly

sworn, deposes and says that the Answers to Interrogatories attached hereto are true

and correct to the best of_____knowledge and belief.


                            _____


Sworn and Subscribed before me
this_____day of_____, 20__.


_____
Notary Public, State of Florida

My Commission Expires

IN THE CIRCUIT COURT FOR THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2024-021049-CA-01

ANGELICA VELASQUEZ,

     Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

     Defendant.

_____/

THE STATE OF FLORIDA:

TO: Each Sheriff of Said State

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition along with Notice of Taking Deposition, Request for Admissions, Request for Production and First Set of Interrogatories in this action on Defendant:

     SERVE:     COSTCO WHOLESALE CORPORATION
                  CT Corporation System, Registered Agent
                  1200 South Pine Island Road, Plantation, Florida 33324

     Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney:
                  STEINLAW, P.A.
                  20807 Biscayne Boulevard, Suite 200
                  Aventura, Florida 33180
                  Tel No.: (786) 230-3819

Within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

     **DATED** on this ___11/27/2024___ day of NOVEMBER 2024.

                                     Juan Fernandez-Barquin,
                                     Clerk of the Court and Comptroller

                **As Clerk of said Court**

                    By: _____ 307965
                          (Court Seal)

## RETURN OF SERVICE

**State of Florida**                    **County of Miami-Dade**                    **Circuit Civil Division Court**

Case Number: 2024-021049-CA-01

Plaintiff:
**ANGELICA VELASQUEZ,**

vs.

Defendant:
**COSTCO WHOLESALE CORPORATION,**

For:
Rolando G. Pumariega, Esq.
STEINLAW, P.A.
20807 Biscayne Blvd
Suite 200
Aventura, FL 33180

Received by Action Legal Process & Investigative Group on the 27th day of November, 2024 at 3:20 pm to be served on **Costco Wholesale Corporation, by Serving it's Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324**.

I, Joseph S. Marker, do hereby affirm that on the **2nd day of December, 2024** at **2:40 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons, Plaintiff's Notice of Taking Videotaped Deposition of Defendant, Costco Wholesale Corporation, with Schedule A, Complaint and Demand for Jury Trial, Plaintiff's Request for Production to Defendant, Costco Wholesale Corporation, Plaintiff's Request for Admissions to Defendant, Costco Wholesale Corporation, Plaintiff's Notice of Service of Plaintiff's Interrogatories to Defendant, Costco Wholesale Corporation and Plaintiff's Interrogatories to Defendant, Costco Wholesale Corporation** with the date and hour of service endorsed thereon by me, to: **Lisa Howard as Clerk, Authorized to accept for CT Corporation System** as **Registered Agent** for **Costco Wholesale Corporation,**, at the address of: **1200 South Pine Island Road, Plantation, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 45, Sex: F, Race/Skin Color: East Indian, Height: 5'6", Weight: 135, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Appointed Process Server, in good standing, in the judicial circuit in which the process was served. Pursuant to Chapter 48 of Florida Statutes.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and accurate. Notary not required pursuant to FL Statute 92.525.

_____
**Joseph S. Marker**
S.P.S # 613

**Action Legal Process & Investigative Group**
**11859 SW 248th Terrace**
**Miami, FL 33032**
**(305) 479-6386**

Our Job Serial Number: MEL-2024005111
Ref: A Velasquez

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Filing # 211806469 E-Filed 11/26/2024 05:04:55 PM

| | |
|---|---|
| DELIVERED | 12/27/2024 2:40 PM |
| SERVER | JM |
| LICENSE | S.P.S # 613 |

IN THE CIRCUIT COURT FOR THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2024-021049-CA-01

ANGELICA VELASQUEZ,

     Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

     Defendant.

_____/

THE STATE OF FLORIDA:

TO: Each Sheriff of Said State

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition along with Notice of Taking Deposition, Request for Admissions, Request for Production and First Set of Interrogatories in this action on Defendant:

     SERVE:     COSTCO WHOLESALE CORPORATION
                   CT Corporation System, Registered Agent
                   1200 South Pine Island Road, Plantation, Florida 33324

     Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney:

          STEINLAW, P.A.
          20807 Biscayne Boulevard, Suite 200
          Aventura, Florida 33180
          Tel No.: (786) 230-3819

Within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

     **DATED** on this ___11/27/2024___ day of NOVEMBER 2024.

                                            Juan Fernandez-Barquin,
                                          Clerk of the Court and Comptroller

                    **As Clerk of said Court**

                  By: _____  307965
                        (Court Seal)

IN THE CIRCUIT COURT FOR THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO.: 2024-021049-CA-01

ANGELICA VELASQUEZ,

      Plaintiff,

vs.

COSTCO WHOLESALE
CORPORATION,

      Defendant.

_____/

## <u>NOTICE OF UNAVAILABILITY</u>

**PLEASE TAKE NOTICE** that Jason R. Brenner, Esq., and Rolando G. Pumariega, Esq. of STEINLAW, P.A. and Nelson T. Pena, Esq., of THE PENA LAW FIRM PA, hereby give notice of unavailability from Thursday, December 26, 2024 – Friday, January 17, 2025. The undersigned respectfully requests that no hearings and/or depositions be scheduled during this time; any Motions, Requests to Produce, Interrogatories, or other pleadings be filed which require a timely response during this time; and that all pending matters remain in status quo during this period of time.

CERTIFICATE OF SERVICE TO FOLLOW ON THE NEXT PAGE

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct of this document was served via the Florida

ePortal this 17th day of December 2024 to all those registered for service of documents

**STEINLAW, P.A.**
Attorneys for Plaintiff
20807 Biscayne Blvd., Suite 200
Aventura, Florida 33180
Tel: (786) 230-3819
Fax: (305) 627-3302

By:_____/s/ Jason R. Brenner_____
**JASON R. BRENNER, ESQ.**
FL Bar No.: 86731
jbrenner@steinlaw.com
kreyes@steinlaw.com
**ROLANDO G. PUMARIEGA, ESQ.**
FL Bar No.: 1014587
rpumariega@steinlaw.com
kreyes@steinlaw.com


**THE PENA LAW FIRM PA**
Attorneys for Plaintiff
7950 NW 155th Street, Suite 201
Miami Lakes, Florida 33016
Tel: (305) 231-9933
Fax: (305) 231-7090

By: /s/ Nelson Pena
**NELSON T. PENA, ESQ.**
FL Bar No.: 875678
nelson@thepenalawfirm.com
sara@thepenalawfirm.com

119796-12

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANGELICA VELASQUEZ,                    CIRCUIT CIVIL DIVISION

  Plaintiff,                               CASE NO. 2024-021049-CA-01

v.

COSTCO WHOLESALE
CORPORATION,

  Defendants.

_____/

## DEFENDANT, COSTCO WHOLESALE CORPORATION, ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Defendants, COSTCO WHOLESALE CORPORATION, by and through the undersigned attorneys, file this Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial, and state as follows:

1.   COSTCO denies the allegations contained in paragraphs 1, 15, 16, 17, 18, 19, 20 (a-f), 21 (a-c), 22 (a-c), 23, 24 (a-c), 25 (a-c), 26, 27, 28 (a-c), and 29 of Plaintiff's Complaint and demands strict proof thereof.

2.   COSTCO is without knowledge as to the allegations contained in paragraphs 6, 7, 8, 11, 12, 13, and 14 of Plaintiff's Complaint and therefore, denies same and demands strict proof thereof.

3.   COSTCO admits the allegations contained in paragraphs 2, 3, 4, 5, 9, and 10 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.   Defendant states that the Plaintiff was guilty of negligence and the Plaintiff's

CASE NO. 2024-021049-CA-01

negligence was the sole, proximate cause or contributing cause of the damages complained of and the recovery, if any, should be barred or reduced proportionately pursuant to the doctrine of comparative negligence.

2.   At the time and place alleged in the Complaint, the Plaintiff was guilty of negligence and/or assumed the risk which proximately caused or proximately contributed to any injuries or damages which the Plaintiff sustained, if any, and therefore, any award to which the Plaintiff may be entitled should be either barred or reduced proportionately pursuant to the doctrine of comparative negligence.

3.   Defendant states that at all times material to the Complaint, the Plaintiff knew or in the exercise of reasonable care should have known of the potential hazards and dangers alleged in the Complaint and that the Plaintiff voluntarily chose to remain exposed to the potential hazards and dangers which the Plaintiff now complains and therefore, the Plaintiff is barred from recovery against this Defendant as he assumed the risk.

4.   Defendant states that it is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including but not limited to the provisions of Florida Statute Section 768.81.

5.   If there was any negligence that caused or contributed to the Plaintiff's alleged injuries, it was solely the result of negligence on the part of third parties who were not under the care, custody, control, or supervision of this Defendant, and therefore, the Plaintiff cannot recover against this Defendant.

6.   Defendant states that the Plaintiff has failed to mitigate damages as required under Florida law and any such recovery should be proportionately reduced as a result of this failure.

- 2 -

CASE NO. 2024-021049-CA-01

7.   Defendant specifically claims any credit or set-off to which the Defendant may be entitled for any and all payments paid or payable to the Plaintiff for any damages alleged in the Complaint from any collateral source whatsoever.

8.   Defendant states that the Plaintiff failed to observe and follow warnings and instructions and any damages alleged in the Complaint are a result of this failure and therefore, any award to which the Plaintiff may be entitled should be either barred or reduced accordingly pursuant to the doctrine of comparative negligence.

9.   Pursuant to the holdings in Fabre v. Marin, 623 So. 2d 1182 (Fla.1993); Nash v. Wells Fargo Guard Services, 678 So. 2d 1262 (Fla. 1996) and E.H.P. Corp. v. Cousin, 654 So. 2d 976 (Fla. 2d DCA 1995), the Defendant expressly reserves the right to assert a "Fabre" defense if any third-parties are determined as a result of discovery and investigation to be responsible for the Plaintiff's alleged injuries and/or damages.  If other parties are determined to be negligent or liable to the Plaintiff, the Defendant would be entitled to the benefit of Florida Statutes Sections 768.31 and/or 768.81 with respect to the comparative fault and apportionment of damages between the Plaintiff, the Defendant and such others.

10. The Plaintiff's pre-existing emotional, psychological, and physical condition prior to the alleged accident was such that the Defendant's act(s) or omission(s), if any, did not proximately cause or contribute in any manner to the Plaintiff's alleged injuries and/or damages and the Defendant may not be held liable for any such alleged injuries or damages.

11. Defendant states that it had no constructive or actual notice of the alleged dangerous condition, or, alternatively, that such condition was open and obvious to the Plaintiff.

12. Defendant affirmatively alleges the alleged dangerous condition or defect was known

- 3 -

CASE NO. 2024-021049-CA-01

or open and obvious to Plaintiff and, therefore, Costco is not liable for Plaintiff's losses, injuries, or damages.

13. Defendant affirmatively alleges Costco's negligence, if any, was not the legal cause of Plaintiffs' losses, injuries, or damages.

14. Defendant affirmatively alleges Plaintiff's medical expenses incurred are unrelated, exaggerated, and unreasonable.

15. Defendant affirmatively alleges Plaintiff's claims for loss of wages or earning capacity are unrelated, exaggerated, and unreasonable.

16. Defendant affirmatively alleges Plaintiff's medical expenses incurred are limited to the amount paid or owed to Plaintiff's health care provider and not the amount charged by the health care provider.

17. Defendants affirmatively allege entitlement to all of the protections of Florida Tort Reform Bill 837 and SB 836. These protections include any and all limitations on admissibility of Plaintiff's past and future medical bills, health insurance payments, reasonable rates for Plaintiff's medical treatment and costs for said medical treatment, limitations of the recovery of damages at trial and the doctrine of comparative fault.

## DEMAND FOR JURY TRIAL

18.     Defendants demand a trial by jury of all issues so triable as of right by a jury.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jason R. Brenner, Esq.; jbrenner@steinlaw.com; rpumariega@steinlaw.com; kreyes@steinlaw.com; Nelson Pena Esq.; nelson@thepenalawfirm.com; on this 23rd day of December, 2024.

- 4 -

CASE NO. 2024-021049-CA-01

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for  Costco Wholesale Corporation
2800 Ponce de Leon Blvd., Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
JJBcrtpleadings@wickersmith.com
mbrito@wickersmith.com
SMattig@wickersmith.com
CDiaz@wickersmith.com

- 5 -

IN THE CIRCUIT COURT FOR THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO.: 2024-021049-CA-01

ANGELICA VELASQUEZ,

                Plaintiff,

vs.

COSTCO WHOLESALE
CORPORATION,

                Defendant.

_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Plaintiff, ANGELICA VELASQUEZ, by and through undersigned counsel, and pursuant to Fla. R. Civ. P. 1.100(a), hereby files Plaintiff's Reply to Defendant's Affirmative Defenses to Plaintiff's Complaint.

1.     Plaintiff denies each and every affirmative defense asserted by Defendant in its Answer and Affirmative Defenses to Plaintiff's Complaint and demands strict proof thereof.

2.     Any and all affirmative defenses not specifically stated in Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint are hereby DENIED.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this **24th** day of December, 2024, a true and correct copy of the above and foregoing document was filed with the Clerk of the above styled Court using the e-Filing Portal, which will deliver electronic copies of this filing to the designated e-mail addresses for all counsel of record pursuant to Fla. R. Jud. Admin. 2.516: Jamie J. Baca, Esq., WICKER SMITH O'HARA MCCOY & FORD, P.A., 2800 Ponce De Leon Blvd., Suite 800, Coral Gables, FL 33134 (jjbcrtpleadings@wickersmith.com, mbrito@wickersmith.com, smattig@wickersmith.com, cdiaz@wickersmith.com).

**STEINLAW, P.A.**
Attorneys for Plaintiff
20807 Biscayne Blvd., Suite 200
Aventura, Florida 33180
Tel: (786) 230-3819
Fax: (305) 627-3302

By: /s/ Jason Brenner
JASON R. BRENNER, ESQ.
Florida Bar No.: 886731
E: jbrenner@steinlaw.com
ROLANDO G. PUMARIEGA, ESQ.
Florida Bar No.: 1014587
E: rpumariega@steinlaw.com
E: kreyes@steinlaw.com

**THE PENA LAW FIRM PA**
Attorneys for Plaintiff
7950 NW 155TH Street, Suite 201
Miami Lakes, FL 33016-5819
Tel: (305) 231-7090
Fax: (305) 231-7090

By: /s/ Nelson Pena
NELSON T. PENA, ESQ.
Florida Bar No.: 875678
E: nelson@thepenalawfirm.com

Filing # 213443076 E-Filed 12/24/2024 08:28:02 AM

119796-12

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ANGELICA VELASQUEZ,                    CIRCUIT CIVIL DIVISION

  Plaintiff,                              CASE NO. 2024-021049-CA-01

v.

COSTCO WHOLESALE
CORPORATION,

  Defendants.

_____/

## NOTICE OF SERVING INTERROGATORIES

Defendant, COSTCO WHOLESALE CORPORATION, propounds Interrogatories to,

ANGELICA VELASQUEZ, to be responded to within the time and manner prescribed by Florida

Rule of Civil Procedure 1.340.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a copy hereof has been electronically served via Florida
ePortal to: Nelson Pena, Esquire, nelson@thepenalawfirm.com; Jason R. Brenner, Esquire,
jbrenner@steinlaw.com; rpumariega@steinlaw.com; kreyes@steinlaw.com; on this 24th day of
December, 2024.

                               */s/ Jaime J. Baca*
                               Jaime J. Baca, Esquire
                               Florida Bar No. 113859
                               WICKER SMITH O'HARA MCCOY & FORD, P.A.
                               Attorneys for Costco Wholesale Corporation
                               2800 Ponce de Leon Blvd., Suite 800
                               Coral Gables, FL 33134
                               Phone: (305) 448-3939
                               Fax: (305) 441-1745
                               MIAcrtpleadings@wickersmith.com

119796-12

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANGELICA VELASQUEZ,

  Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION,

  Defendants.

_____/

CIRCUIT CIVIL DIVISION

CASE NO. 2024-021049-CA-01

## <u>REQUEST FOR ADMISSIONS</u>

Pursuant to Fla. R. Civ. P., Rule 1.370, the Defendant, COSTCO WHOLESALE CORPORATION, requests the Plaintiff, ANGELICA VELASQUEZ, to admit or deny each of the following:

1. Plaintiff(s) received or is entitled to receive benefits from a collateral source, as defined by Florida Statute 627.7372 or Florida Statute 768.76, for medical bills alleged to have been incurred as a result of the incident described in the Complaint.

2. Plaintiff(s) received or is entitled to receive benefits from a collateral source as defined by Florida Statute 627.7372 or Florida Statute 768.76, for loss of wages or income alleged to have been sustained as a result of the incident described in the Complaint.

3. Plaintiff(s) received or is entitled to receive benefits pursuant to personal or group health insurance policy, for medical bills alleged to have been incurred as a result of the incident described in the Complaint.

4. Plaintiff(s) received or is entitled to receive benefits pursuant to a personal or group wage continuation plan or policy, for loss of wages or income alleged to have been sustained as a result of the incident described in the Complaint.

CASE NO. 2024-021049-CA-01

5.  Plaintiff(s) did not sustain a permanent injury within a reasonable degree of medical probability other than scarring or disfigurement as a result of the subject accident.

6.  Plaintiff(s) did not sustain significant and permanent scarring or disfigurement as a result of the subject accident.

7.  Plaintiff(s) did not sustain significant and permanent loss of an important bodily function as a result of the subject accident.

8.  Plaintiff(s) received or is entitled to receive benefits pursuant to a personal or group wage continuation plan or policy, for loss of wages or income alleged to have been sustained as a result of the incident described in the Complaint.

9.  Plaintiff(s) did not inspect her surroundings immediately before the subject incident.

10. Plaintiff(s) did not inspect the floor surrounding her immediately before the subject accident.

11. Plaintiff(s) failure to inspect her surroundings immediately before the subject incident contributed to the subject incident.

12. Plaintiff(s) failure to inspect the floor surrounding her immediately before the subject incident contributed to the subject incident.

13. Plaintiff(s) footwear contributed to the subject accident.

14. Plaintiff(s) own negligence contributed to the subject incident.

15. The sole cause of the subject incident is due to the negligence of Plaintiff(s).

16. Plaintiff admits that the amount in controversy for the subject claim is greater than $75,000.00.

CASE NO. 2024-021049-CA-01

<u>**CERTIFICATE OF SERVICE**</u>

**WE HEREBY CERTIFY** that a copy hereof has been electronically served via Florida ePortal to: Nelson Pena, Esquire, nelson@thepenalawfirm.com; Jason R. Brenner, Esquire, jbrenner@steinlaw.com; rpumariega@steinlaw.com; kreyes@steinlaw.com; on this 24th day of December, 2024.

/s/ *Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Costco Wholesale Corporation
2800 Ponce de Leon Blvd., Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
MIAcrtpleadings@wickersmith.com

Filing # 213443076 E-Filed 12/24/2024 08:28:02 AM

119796-12

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ANGELICA VELASQUEZ,                          CIRCUIT CIVIL DIVISION

  Plaintiff,                                CASE NO. 2024-021049-CA-01

v.

COSTCO WHOLESALE
CORPORATION,

  Defendants.

_____/

## REQUEST TO PRODUCE

PURSUANT to Fla. R. Civ. P., 1.350, the Plaintiff, **ANGELICA VELASQUEZ**, , is

requested to produce to the Defendant, **COSTCO WHOLESALE CORPORATION**, in the time

required by Fla. R. Civ. P., 1.350, at the offices of the undersigned counsel, the following:

1. Federal Income Tax Returns and W-2 Forms for the past five years including individual and joint tax returns.

2. Federal Income Tax Returns for the past five years filed for any business or corporation that the Plaintiff has or had an ownership or financial interest.

3. A complete copy of the front and back sides of any and all health insurance cards or any type of insurance benefit card.

4. A color copy of the front and back of your driver's license.

5. Any and all notices of claim, loss, or injury submitted by you or on your behalf to the Defendant(s) or its/their insurance carrier(s).

6. A color copy of all pages contained within your passport, including the front and back sides of the cover.

7. All medical bills, doctor bills, hospital bills, drug bills, nursing bills, ambulance bills, and bills for similar expenses incurred as a result of and related to the injuries which are or may be the subject matter of this lawsuit.

CASE NO. 2024-021049-CA-01

8.      All repair bills, and repair estimates or documents evidencing property damage incurred or being claimed as a result of the accident or incident which is the subject matter of the complaint.

9.      Laser color copies of any and all photographs in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including but not limited to all photographs of the parties, or the scene of the subject accident or incident.  If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

10.     Laser copies of all photographs depicting any change in the physical appearance of the Plaintiff(s) that was allegedly caused by the act or acts of the Defendants.

11.     Any and all videos in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including but not limited to all videos, videos or "day in the life" videos of the parties, or the scene of the subject accident or incident. If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

12.     All medical reports received by the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees, from doctors, physicians or anyone else who has examined or rendered treatment to the Plaintiff(s), for injuries incurred as a result of the accident or incident which is the subject matter of this lawsuit.

13.     All medical and hospital records for the Plaintiff for the past five years.

14.     All letters of protection issued to each and every treating physician.

15.     All documentary evidence of benefits or payments made to the Plaintiff(s) or on Plaintiff(s) behalf pursuant to Florida Statute.

16.     All documents reflecting payments made to Plaintiff(s) or on their behalf, as a result of the incident and/or damages that are the subject of this case by the following:

        A.      The United States Social Security Act; any Federal State or Local Disability Act; any other public programs providing medical benefits or payment for medical expenses, disability or other similar benefits.

        B.      Any health, sickness or disability income insurance or other similar insurance benefits.

2

CASE NO. 2024-021049-CA-01

    C.       Any contract or agreements of any group, organization, partnership or corporation to provide, pay for or reimburse costs of hospital, medical or other health care services.

    D.       Any contractual or voluntary wage continuation plan provided by any employers or the Plaintiff(s) or any other system intended to provide wages during any period of alleged disability of the Plaintiff(s).

    E.       Any other collateral source whatsoever providing compensation as a result of the damages incurred as a result of the incident or incidents which are the subject of this claim.

17.    Any audio recordings that are in any manner related to the subject matter of this lawsuit.

18.    All statements made by this Defendant, its agents or employees, that are in the possession or control of Plaintiff(s) or Plaintiff(s)' attorneys, servants, employees or agents regarding the incident complained of or in any way relating to the issues raised by the Complaint.

19.    All reports received from any experts the Plaintiff(s) intend to call at the time of trial and copies of all documents the experts have reviewed in preparation for rendering any opinions in this case.

20.    All documents that the experts have reviewed in arriving at their opinions in this case. (This request only relates to experts Plaintiff(s) intend to call at trial to testify.)

21.    All other documents in the possession or control of the Plaintiff(s) that support the Plaintiff(s)' claims that the Defendants are liable for the damages being claimed in this case.

22.    Any and all notices of intent to collect damages from the tort-feasor directed towards any provider of collateral source payments pursuant to Florida Statute §768.76(6). Please also include proof that the notice was sent by certified or registered mail.

23.    Any statements from providers of collateral source payments that assert a right to subrogation or reimbursement pursuant to Florida Statute §768.76(7).

24.    Any correspondence sent to or received by the Plaintiff(s) from any Defendant. This request does not include any correspondence with any attorneys and is strictly limited to any correspondence between the named parties in this litigation.

CASE NO. 2024-021049-CA-01

*25.*    The Plaintiff's Social Security Personal Earnings and Benefits Statement. ***In the alternative, sign and return the enclosed authorization for records.***

26.    Any and all settlement agreements and releases with any individual or corporation that in any way relate to or arise out of the allegations that are the subject of this litigation.

27.    Any and all statements obtained from any person pertaining to the allegations in the Complaint.

28.    All notes, text messages, and emails written by the Plaintiff(s) prior to the retention of counsel that relate to the allegations or subject matter of the Complaint.

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a copy hereof has been electronically served via Florida ePortal to: Nelson Pena, Esquire, nelson@thepenalawfirm.com; Jason R. Brenner, Esquire, jbrenner@steinlaw.com; rpumariega@steinlaw.com; kreyes@steinlaw.com; on this 24th day of December, 2024.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Costco Wholesale Corporation
2800 Ponce de Leon Blvd., Suite 800
Coral Gables, FL 33134
Phone: (305) 448-3939
Fax: (305) 441-1745
MIAcrtpleadings@wickersmith.com